a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDON TURNER #31572-034,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01507<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| CHRIS MCCONNELL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by *pro se* Petitioner Brandon Turner ("Turner"). Turner is a prisoner in the custody of the Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

To determine whether Turner is entitled to additional credits, his Petition should be SERVED on the Government.

I. Background

Turner was convicted in the United States District Court for the Eastern District of Louisiana of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. *See United States v. Turner*, 2:10-CR-0197 (E.D. La.), ECF No. 315. He was sentenced to 70 months of imprisonment and four years of supervised release. *Id.*

While on supervised release, Turner was arrested and charged with distribution of heroin in Case No. 2:18-CR-0012. *Id.* at ECF No. 465. On October 18, 2018, Turner admitted the violation and his supervised release was revoked. *Id.* Turner was sentenced to time served, to run concurrently with any sentence imposed in Case No. 2:18-CR-0012. *Id.* Thus, his sentence in 2:10-CR-0197 was discharged the date it was imposed—October 18, 2018.

Turner subsequently pleaded guilty to distribution of heroin and possession with intent to distribute heroin in 2:18-CR-0012. ECF No. 1-4 at 1. On October 30, 2018, he was sentenced to a term of 80 months of imprisonment, to run concurrently with the sentence imposed in 2:10-CR-0197. ECF No. 1-4 at 2.

The BOP determined that, because the first sentence was completed prior to imposition of the second sentence, there was no undischarged term of imprisonment with which to run the second sentence. ECF No. 1-7 at 2. And the BOP concluded that it was precluded by 18 U.S.C. § 3585(b) from awarding Turner credit from the date of arrest through October 18, 2018, because that time had been applied to the first sentence. ECF No. 1-7 at 2. Turner was afforded credit from October 19, 2018 through October 29, 2018, as that time was spent in pre-sentence custody and had not been applied to the first sentence. *Id.*

Turner reached out to the sentencing court in both cases to clarify the intent that he receive credit from the date of arrest on both sentences. On March 27, 2019, the district judge in the first case ordered "the BOP to ensure that its computation of Turner's sentence complies with the October 18, 2018 Judgment imposed in this

case." *United States v. Turner*, 2:10-CR-0197 (E.D. La.), ECF No. 472. On April 17, 2019, the district judge in the second case issued an Order that Turner "be given credit or time served from the date of his arrest on August 3, 2017" and that the sentence "run CONCURRENT to his sentence in case number 2:10-cr-197-G." *United States v. Turner*, 2:18-CR-0012 (E.D. La.), ECF No. 48.

II.  <u>Law and Analysis</u>

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

First, although the judge in the second case ordered the second sentence to run concurrently with the first sentence, the first sentence was discharged prior to the imposition of the second sentence. Therefore, the two terms cannot run concurrently with one another. *See* 18 U.S.C. § 3584(a) ("if a term of imprisonment is imposed on a defendant who is already subject to an **undischarged** term of imprisonment, the terms may run concurrently or consecutively") (emphasis added); *Bhatia v. Holder*, 5:13-CV-74, 2014 WL 5529204, at *6 (S.D. Miss. Nov. 3, 2014), *aff'd sub nom. Bhatia v. Lynch*, 620 F. App'x 357 (5th Cir. 2015) (sentencing court did not have the authority to impose a sentence to be served concurrently with a discharged sentence) (citing *United States v. Labeille–Soto*, 163 F.3d 93, 99 (2d Cir.1998) ("There is no provision, either in the Act or in the Guidelines, stating that the court may order that the

sentence it imposes be deemed to have been served concurrently with a prior prison term that has been fully discharged."); *see also Bailey v. Upton*, 1:08-CV-126, 2010 WL 1753398, at *2 (E.D. Tex. Apr. 30, 2010) (while the federal sentencing judge stated the federal sentence should be served concurrently with a new term of imprisonment, the fact that all of the terms discharged at the same time made this impossible).

Under § 3585(b), the BOP may award credit against a federal sentence for time spent in pretrial custody if the time is not credited against another sentence. 18 U.S.C. § 3585. In this case, the time from the date of Turner's arrest to October 18, 2018 was credited toward the first sentence. Therefore, it generally cannot also be credited toward the second. However, as Turner points out, the sentencing judge did not just recommend this credit—he issued an Order expressly stating Turner was to receive the credit. Program Statement 5880.28 provides that "[i]f the court, however, orders that a period of time be awarded that is not authorized, a letter must be sent to the appropriate U.S. Attorney requesting assistance in resolving the problem." Program Statement 5880.28 (CN-03) at 1-27. The documents provided by Turner do not indicate whether this occurred.

Therefore, in order to determine whether credit can be awarded in accordance with the Order of the sentencing court (2:18-CR-0012, ECF No. 48), THE CLERK IS DIRECTED to serve a summons, a copy of the Petition (ECF No. 1), and a copy of this Order, by certified mail, on the United States through the United States Attorney for

the Western District of Louisiana and the warden of the Federal Correctional Institution in Pollock, Louisiana.

IT IS ORDERED that Respondents file an answer to the petition within 60 days following the date of service. Respondents shall also file a memorandum of law briefing the issues raised in the answer and citing applicable statutory and case law. Respondents shall address the applicability of the quoted provision of Program Statement 5880.28.

IT IS FURTHER ORDERED that Turner be given 30 days following the filing of Respondents' answer to respond to Respondents answer.

All documentary exhibits MUST HAVE PROPERLY NUMBERED PAGES. An index describing each item attached to the response and showing each item's page number shall also be attached.

FINALLY, IT IS ORDERED that, as a condition to their acceptance by the Clerk, all future filings by Petitioner and Respondents shall include a certificate stating that a copy thereof has been mailed to all other parties.

After the record is complete and all delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Friday, January 15, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE