a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRANDON TURNER #31572-034, Plaintiff | CIVIL DOCKET NO. 1:20-CV-01507 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHRIS MCCONNELL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by *pro se* Petitioner Brandon Turner ("Turner"). Turner is a prisoner in the custody of the Bureau of Prisons ("BOP") incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the computation of his sentence by the BOP.

Because Turner has received all the credit to which he is entitled, his Petition (ECF No. 1) should be DENIED.

I. Background

Turner was convicted in the United States District Court for the Eastern District of Louisiana of conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin. *See United States v. Turner*, 2:10-CR-0197 (E.D. La.), ECF No. 315. He was sentenced to 70 months of imprisonment and four years of supervised release. *Id.*

While on supervised release, Turner was arrested and charged with distribution of heroin in Case No. 2:18-CR-0012. *Id.* at ECF No. 465. On October 18, 2018, Turner admitted the violation and his supervised release was revoked. *Id.* Turner was sentenced to time served, to run concurrently with any sentence imposed in Case No. 2:18-CR-0012. *Id.* Thus, his sentence in 2:10-CR-0197 was discharged the date it was imposed: October 18, 2018.

Turner subsequently pleaded guilty to distribution of heroin and possession with intent to distribute heroin in 2:18-CR-0012. ECF No. 1-4 at 1. On October 30, 2018, he was sentenced to a term of 80 months of imprisonment, to run concurrently with the sentence imposed in 2:10-CR-0197. ECF No. 1-4 at 2.

The BOP determined that, because the first sentence was completed prior to imposition of the second sentence, there was no undischarged term of imprisonment with which to run the second sentence. ECF No. 1-7 at 2. And the BOP concluded that it was precluded by 18 U.S.C. § 3585(b) from awarding Turner credit from the date of arrest through October 18, 2018, because that time had been applied to the first sentence. ECF No. 1-7 at 2. Turner was afforded credit from October 19, 2018 through October 29, 2018, as that time was spent in pre-sentence custody and had not been applied to the first sentence. *Id.*

Turner contacted the sentencing court in both cases to clarify the intent that he receive credit from the date of arrest on both sentences. On March 27, 2019, the district judge in the first case ordered "the BOP to ensure that its computation of Turner's sentence complies with the October 18, 2018 Judgment imposed in this

case." *United States v. Turner*, 2:10-CR-0197 (E.D. La.), ECF No. 472. On April 17, 2019, the district judge in the second case issued an Order that Turner "be given credit or time served from the date of his arrest on August 3, 2017" and that the sentence "run CONCURRENT to his sentence in case number 2:10-cr-197-G." *United States v. Turner*, 2:18-CR-0012 (E.D. La.), ECF No. 48.

Turner then file this § 2241 Petition, which was served on the Government. An attorney for the BOP contacted the prosecutor assigned to Turner's second case, *United States v. Turner*, 2:18-CR-0012 (E.D. La.), to advise him of the BOP's inability to calculate the sentence in a manner that would award the prior custody credit ordered by the sentencing court. ECF No. 12-1 at 1-2.

Thereafter, the sentencing court ordered the United States Attorney for the Eastern District of Louisiana to file a response to a motion filed by Turner. That court recently issued an Order noting that, although it lacked jurisdiction over Turner's claim, it would comment on the merits due to the "peculiar set of facts" in the case. The sentencing judge recognized that the BOP's calculation "resulted in a sentence 14 months longer than contemplated by the Judges at their respective sentencing hearings." *Turner*, 1:18-CR-0012 (E.D. La.), ECF No. 52.

II. <u>Law and Analysis</u>

As the sentencing judge recently summarized:

The Bureau of Prisons (BOP) has exclusive jurisdiction to calculate an inmate's sentence and anticipated release date. The Fifth Circuit has recognized that "[t]he BOP - as opposed to the federal courts - is the entity authorized to determine where a federal sentence will be served, when it begins, and, in certain respects, how long it will last." (Rec. Doc. 472). *See United States v. Cibrian*, 374 F. App'x 524, 530 (5th Cir. 2010)

3

> (citing 18 U.S.C. § 3621; *see United States v. Wilson*, 503 U.S. 329, 337 (1992) (Attorney General, through the BOP, computes the amount of § 3585(b) credit after the defendant has begun to serve his sentence); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing").

*Turner*, 2:18-CR-0012 (E.D. La.), ECF No. 52 at 3-4.

Although the judge in the second case ordered the second sentence to run concurrently with the first sentence, the first sentence was discharged prior to the imposition of the second sentence. Therefore, the two terms cannot run concurrently with one another. *See* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an **undischarged** term of imprisonment, the terms may run concurrently or consecutively.") (emphasis added); *Bhatia v. Holder*, 5:13-CV-74, 2014 WL 5529204, at *6 (S.D. Miss. Nov. 3, 2014), *aff'd sub nom. Bhatia v. Lynch*, 620 F. App'x 357 (5th Cir. 2015) (sentencing court did not have the authority to impose a sentence to be served concurrently with a discharged sentence) (citing *United States v. Labeille–Soto*, 163 F.3d 93, 99 (2d Cir.1998) ("There is no provision, either in the Act or in the Guidelines, stating that the court may order that the sentence it imposes be deemed to have been served concurrently with a prior prison term that has been fully discharged."); *see also Bailey v. Upton*, 1:08-CV-126, 2010 WL 1753398, at *2 (E.D. Tex. Apr. 30, 2010) (while the federal sentencing judge stated the federal sentence should be served concurrently with a new term of imprisonment, the fact that all of the terms discharged at the same time made this impossible).

Under § 3585(b), the BOP may award credit against a federal sentence for time spent in pretrial custody if the time is not credited against another sentence. 18 U.S.C. § 3585. In this case, the time from the date of Turner's arrest to the date the sentence was imposed, October 18, 2018, was credited toward the first sentence.

Thus, as the sentencing judge recently pointed out: "Even though the calculation by the BOP appears to be inconsistent with the intentions of both District Judges, based on controlling Fifth Circuit precedent, and although seemingly harsh, the calculations made by the BOP are binding." *Turner*, 2:18-CR-0012 (E.D. La.), ECF No. 52 at 3-4 (10/20/2021). This Court agrees.

### III. Conclusion

Because Turner is not entitled to the relief sought, IT IS RECOMMENDED that the § 2241 Petition be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, November 17, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE